UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONNECTICUT JOINT BARGAINING COUNCIL, ROBERT TAYLOR, ALBERT ANTONIO, ALFRED BARNES AND CALVIN HENRY<br><br>Plaintiffs,<br><br>v.<br><br>CONNECTICUT TRANSIT and H.N.S. MANAGEMENT COMPANY, INC.,<br><br>Defendants. | Civil Action No.<br><br><br><br><br><br><br><br><br><br><br><br>August 12, 2019 |

## COMPLAINT

### NATURE OF THE ACTION

This is a class action on behalf of Connecticut Transit ("CT Transit") Bus Operators who are required by CT Transit to travel throughout parts of the state, without full compensation, from one assigned location to another during their day's work. These pay practices violate the Fair Labor Standards Act, 29 U.S.C. Section 207, the Portal to Portal Act, 29 U.S.C. Section 252 and the Connecticut Laws and Regulations, including "The Connecticut Minimum Wage Act" Conn. Gen. Stat. §§31-58, et seq.

### JURISDICTION

Jurisdiction is premised on 29 U.S.C. Section 216(b) and 252 (d), which authorize actions in the United States District Court to enforce the Fair Labor Standards Act and the Portal to Portal Act, respectively. Plaintiffs request supplemental jurisdiction, 28 U.S.C. Section 1367, to

enforce the Connecticut Minimum Wage Act, Conn. Agencies Regs. §31, Conn Agencies Regs. § 31-60-10 which apply to the same parties and subject matter.

**PARTIES**

1. Plaintiff, Connecticut Joint Conference Board (hereinafter "CJCB" or the "Union"), is a labor organization comprised of three local unions of the Amalgamated Transit Union, Local 425 located at 69 Burnside Avenue in East Hartford, Connecticut 06108, Local 281 located at 7 Corporate Drive, North Haven, Connecticut 06473 and Local 443 located at 26 Elm Court, Stamford, Connecticut 02902.

2. Plaintiff Robert Taylor is a full time Bus Operator employed by CT Transit who reports to the New Haven garage.

3. Currently Mr. Taylor works the same assignment (or "run,") Monday through Friday that requires him to begin the first part of his run at the New Haven garage located at 2061 State Street, Hamden, CT and return to the garage to end the first half of his work day at 8:10 a.m. He then must travel to the corner of Chapel and Church Streets in New Haven, CT to begin the second half of his workday at 11:40 a.m. then return to the garage with the bus when his work is done at 6:00 p.m. When Mr. Taylor utilizes a shuttle bus provided by Connecticut Transit, he must arrive at the garage before 11:20 in order to travel to his new bus at the corner of Chapel and Church Streets, in order to be there at 11:40. The shuttle trip takes 14 minutes on average, depending on traffic. Sometimes the shuttle is delayed in leaving the garage. If he is concerned that the shuttle is delayed or

2

detained, he may catch the 10:50 shuttle at the garage, but is never paid more than fourteen minutes for travel time.

4. Plaintiff Albert Antonio is a full time Bus Operator employed by CT Transit who works as a Spareboard Operator reporting to the New Haven garage. Spareboard Operators work each day to fill in for fellow Operators who are absent due to illness, injury, vacation and the like.

5. Plaintiff Alfred Barnes is a full time Bus Operator employed by CT Transit who reports to the New Haven garage.

6. Mr. Barnes works a run on Monday through Friday that requires him to report for work at 5:02 a.m. at the New Haven garage located at 2061 State Street, Hamden and end the first part of his run at the corner of Chapel and Church Streets in New Haven at 11:10 a.m. If he elects to use it, the shuttle leaves Church and Chapel at 11:35, if it is running on time, and arrives at the garage at about 11:49. He then begins the second half of his work there at 1:46 p.m. and finishes at the garage at 4:33 p.m. For the time between 11:10 a.m. and 1:46 p.m., Mr. Barnes is paid only 14 minutes, although it takes him 29 minutes to wait for the shuttle and return to the garage.

7. Plaintiff Calvin Henry is a full time Bus Operator employed by CT Transit who reports to the Hartford garage.

8. Mr. Henry works a run Tuesday through Friday that requires him to report for work at the CT Transit Garage on Liebert Road in Hartford, and end the first part of his run on Market Street in Hartford, at 10:08 a.m. He then walks about 4 minutes to Main Street, where he catches a bus (Route 38) back to Liebert Road,

3

which departs at 10:30 and arrives at Liebert Road at 10:40, unless delayed. He then resumes service at Liebert Road more than one hour later in the day and concludes his overall day at Liebert Road. Mr. Henry is paid ten minutes for the time between 10:08 and 10:40, the time he actually spends on the Route 38 bus.

9. Pending class certification, there are approximately 100 additional individual plaintiffs. Written consent forms for 88 of those individuals are attached hereto. Any new names that are added will be disclosed to opposing counsel in a letter and will be added to the existing index of names attached hereto.

10. Defendant Connecticut Transit (trade name "CT Transit") is a body corporate and politic, a subdivision of the State of Connecticut, authorized to own and operate mass transit systems, including bus service, throughout a service area comprised of New Haven, Hartford, and Stamford, Connecticut and Connecticut cities and towns in the surrounding area. Connecticut General Statutes Title 7, Ch.103a et seq. CT Transit is authorized to sue and be sued. The principal offices of CT Transit are located at 100 Liebert Road, Hartford, Connecticut, 06120.

11. Defendant HNS Management Company, Inc. is a wholly-owned subsidiary of First Transit, Inc. and doing business through its Defendant subsidiaries, in Connecticut.

## PARTIES' RELATIONSHIPS

12. Plaintiff CJCB and Defendant HNS Management Company, Inc., are parties to a collective bargaining agreement which, among other provisions, establishes and governs pay, hours and other terms and conditions of employment for the CT Transit employee classification of Bus Operator.

13. Defendants HNS Management, a subsidiary of First Transit and First Group, operates Connecticut Transit (trade name "CT Transit") mass transportation services in Hartford, New Haven, Stamford and surrounding areas, on behalf of and under contract with the Department of Transportation of the State of Connecticut.

14. Among other duties and responsibilities, HNS Management Company designs work assignments for bus operators in all three cities, calculates the pay due to each worker on the basis of the hours assigned and provides paychecks to each worker, all on behalf of and under contract with the Department of Transportation of the State of Connecticut.

15. Cash used to pay the workers as determined by HNS Management is provided by the Department of Transportation of the State of Connecticut.

16. The individual Plaintiffs Albert Antonio, Robert Taylor, Carlos Rodriguez, Landis Serrano and those similarly situated, are on active duty as CT Transit workers (or have been on active duty at some point during the period between December 1, 2017 and the filing of this lawsuit). They are paid by CT Transit, through First Group, et al., weekly on each Thursday, by check or by direct deposit, based on their respective wage rates times the hours worked during the preceding pay week. The scheduled work week begins at 12:01 a.m. each Monday and ends and Midnight on the following Sunday.

## THE FACTS

17. CT Transit Bus Operators are given specific routes to drive each workday. Their pay depends on the hours required to complete the work designed for them by CT Transit. Bus Operators select assignments three times each year, by seniority, from among available weekly assignments devised by CT Transit management (Defendant First Group, et al.) to meet the service needs in the area served by the garage where the Operator works. There are multiple garage locations within the CT Transit service area. Bus Operators drive transit buses depending on their work locations and daily assignments.

18. Some employees work as "Spareboard Operators". They are bus operators who are not assigned a specific route for each day but instead fill in as needed for operators who are out sick, on vacation, been taken out of service, or there is simply an open run on the schedule. Each Spareboard Operator is guaranteed a minimum of 8 hours pay a day and receive priority for overtime assignments.

19. CT Transit Operating Employees are divided by work areas located in different parts of the state with each area having their own "garage" where employees report to work and receive vehicles along with a list or "paddle" which depicts the stops they are to make every work day. The two garages at issue are New Haven and Hartford. (Hereafter, this Complaint will refer to "Operating Employees" in general to encompass all affected classifications, including Bus Operator, unless otherwise indicated.)

20. At each general report location are such amenities as parking spaces, an employee break room with lockers, restroom and changing facilities and supervisory staff

who manage day-to-day activities, post work-related notices, keep time and pay records, collect reports and the like.

21. CT Transit customer service ceases for a few hours each night. During that time, the vehicles are returned to the various garages for cleaning and servicing. As part of their daily assignments, Operating Employees take the vehicles from garages in the morning and return them there at the end of the day. However, vehicles stay in service for up to 20 hours each day, and so the Operating Employees replace each other in active duty while the vehicles are on the road.

22. Because of rush hour demands, CT Transit service frequency varies throughout the day. Consequently, split shifts are common.

23. When a full-time Operating Employee reports for duty at either the New Haven or Hartford garage, is relieved of duty on the street, then reports back to the garage to recommence driving duties, they are often able to utilize either bus service or special shuttles which operate between the garage and the relief location. However, use of the shuttle buses is optional. Operators are free to travel by any means available and may travel at any time during the otherwise unpaid break.

24. By agreement and recent amendment to the collective bargaining agreement, "travel time" between the relief location and the report location is paid. The parties agree and CT Transit is paying the time actually spent riding a transit service or shuttle bus. However, the Operators receive no compensation for the time required to wait for bus or shuttle service to travel between the two locations. Nor are they compensated for waiting time when they end a block at either garage and begin the next part of the run on the street and, consequently, are compelled

to travel to the garage and their driving assignment. (Exhibit A, see runs 1051, 1060, and 201) The travel times for which the company pays employees represent the time it would actually take to travel from one point to another. One way of making such a trip is by bus or shuttle, and that bus or shuttle service is not always immediately available. The company does not pay an operator for the time an operator spends waiting for a bus to engage in the travel or waiting upon arrival to commence driving at the new report location.

## CAUSES OF ACTION

### COUNT I
### PORTAL TO PORTAL ACT
### UNPAID "SPLIT SHIFT" TRAVEL TIME

1-24. All of the previous allegations are repeated and incorporated into this Count.

25. CT Transit Operating Employees, including Bus Operators, are all obliged to travel throughout the state after they have commenced their work days, in order to be of service to CT Transit, if their designated assignment so dictates.

26. The mandatory, non-driving travel from the garages to street swing on locations or vice versa is now compensated by Defendants, but waiting time required to obtain transportation from place to place is uncompensated.

27. Accordingly, CT Transit pay practices violate the United States Portal to Portal Act, in particular 29 U.S.C. Sections 252 and 254.

### COUNT II
### FAIR LABOR STANDARDS ACT
### UNPAID "SPLIT SHIFT" TRAVEL TIME

1-27. All of the previous allegations are repeated and incorporated into this Count.

28. CT Transit Operating Employees are compelled in order to perform the requisite service to CT Transit, after commencing their principal activities, to move from the garages to street locations or from street locations to the garages during the period established as a "meal relief" break.

29. CT provides regular bus service or, in some cases, special shuttle service to transport employees during their breaks. Split shift travel time is paid by CT Transit as regular hourly pay, but time spent waiting for transportation service is unpaid, in violation of 29 U.S.C. Section 206 and Conn. Gen. Stat. §31-60, the "Minimum Wages" provisions.

30. Split shift time waiting to travel is excluded by CT Transit from overtime calculations, in violation of 29 U.S.C. Section 207.

## COUNT III
## CONNECTICUT HOURS OF EMPLOYMENT
## UNPAID "SPLIT SHIFT" TRAVEL TIME

1-30. All of the previous allegations are repeated and incorporated into this Count.

31. The CT Transit employees who are required to travel throughout the day from garage to street locations or from street locations to garages during an unpaid break.

32. CT provides regular bus service or, in some cases, special shuttle service to transport employees during their breaks. Split shift travel time is paid by CT Transit but waiting time is excluded from pay and overtime calculations, in violation the Connecticut Minimum Wage Act, Conn. Gen. Stat. §31-60, the "Hours of Employment" provisions.

9

## COUNT IV
## CLASS ACTION

1-32. All of the previous allegations are repeated and incorporated into this Count.

33. There are at least 100 CT Transit Operating Employees that have been compelled regularly to travel without driving, but not paid for waiting for shuttle service or, after arriving, to begin service again, after they commenced daily work duties.

34. The legal and factual issues shared by the claims of potential plaintiffs predominate over any differences among their individual claims.

35. Proceeding as a class would avoid inconsistent standards of conduct for payment of travel time consumed by Operating Employees.

36. The representatives and counsel named herein will fairly and adequately protect the interests of the class of claimants.

37. Class action by representative plaintiffs comports with Rule 23 of the Federal Rules of Civil Procedure and the specific requirements of the Fair Labor Standards Act, 29 U.S.C. Section 216(h). (See written consent forms, Attachment 1. Any new names that are added will be disclosed to opposing counsel in a letter and will be added the existing index of names attached hereto) Accordingly, this matter should proceed as a class action with regard to all allegations, counts and remedies.

**REMEDIES**

Plaintiffs seek injunctive and declarative relief, as well as damages, in the form of an order of the Court directing CT Transit as follows:

A. Cease directing employees to travel from place to place in the city during their work day without compensation for the time expended in waiting to travel on CT shuttle service;

B. Award the plaintiffs double damages;

C. Pay to each employee whose weekly hours of work exceeded 40, but were not paid because work day travel time was excluded, overtime at the rate of time and one-half their regular rate of pay for all hours in excess of 40 when time waiting to travel is added to their pay;

D. Pay to Counsel for Plaintiffs a reasonable amount as attorneys fees, and other costs and expenses arising from the litigation of this matter; and

E. Such other actions or remedies as may be appropriate to effectuate the purposes of the Fair Labor Standards Act, Connecticut Wage and Hour laws and the Portal to Portal Act.

Respectfully submitted,
Counsel for Plaintiffs, CJCB, and
Robert Taylor, et al.

_____
Gregg D. Adler  ct05698
Livingston, Adler, Pulda, Meiklejohn
 & Kelly, PC
557 Prospect Avenue
Hartford, CT 06105-2922
860-233-9821
gdadler@lapmk.org

                        Douglas Taylor (*Pro Hac Vice* to be filed)
                        Gromfine, Taylor & Tyler
                        1420 King Street, Suite 500
                        Alexandria, VA  22314
                        (703) 683-7782
                        dtaylor@lbgt.com